IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00308-FL

**Jason Bishop**,

        Plaintiff,

v.

**Federal Bureau of Investigation &
North Carolina Department of Justice**,

        Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Jason Bishop claims that the Federal Bureau of Investigation and the North Carolina Department of Justice have violated his Second Amendment right to bear arms. Compl. at 3, D.E. 1–1. The Complaint seeks compensatory and punitive damages from the Defendants. *Id.* at 4. Bishop asks the court to proceed without paying the normal filing fee associated with a civil action. The court will grant this request, but will recommend that the district court dismiss this action for failing to state a claim upon which relief may be granted.

**I.**    **IFP Application**

Bishop asks the court to allow him to proceed with his action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding in forma pauperis or IFP). The court may grant his request if he submits an affidavit describing his assets and the court finds that he could not pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

The court has reviewed Bishop's application and finds that he lacks the resources to pay the costs associated with this litigation. The court thus grants Bishop's motion (D.E. 1, 3) and allows him to proceed IFP.

## II. Screening under 28 U.S.C. § 1915

Along with determining whether Bishop is entitled to IFP status, the court must also analyze the viability of the claims in the Complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from that relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous for either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Bishop's *pro se* status relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a

clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Bishop's claim against the Federal Bureau of Investigation should be dismissed for failure to state a claim upon which relief may be granted. A plaintiff must bring constitutional claims for monetary relief against federal actors under the Supreme Court's decision in *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But *Bivens* claims for damages against the United States, federal agencies, or public officials acting in their official capacities are barred by the doctrine of sovereign immunity. *See F.D.I.C.* v. *Meyer,* 510 U.S. 471, 475, 484– 86 (1994); *Doe* v. *Chao,* 306 F.3d 170, 184 (4th Cir. 2002) (" [A] *Bivens* action does not lie against either agencies or officials in their official capacities." ); *Reinbold* v. *Evers,* 187 F.3d 348, 355 n.7 (4th Cir. 1999). Thus, the district court should dismiss the Federal Bureau of Investigation from this action.

The district court should dismiss Bishop's claims against the North Carolina Department of Justice for similar reasons. A plaintiff must bring constitutional claims against state actors under 42 U.S.C. § 1983. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48 (1988); *see Philips* v. *Pitt Cty . Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The North Carolina Department of Justice, as an agency of the State of North Carolina, is not a person under § 1983. *Will* v. *Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, it should be dismissed from this case.

Setting aside the issues with the parties Bishop has named, the Complaint lacks any factual allegations that would establish a violation of his Second Amendment rights. He does not explain

3

how or why the Defendants have violated his right to possess a firearm. Instead, he claims that he works in a dangerous job, has never committed a violent crime, and has a right to possess a handgun. The lack of factual allegations establishing a plausible claim for relief also justify the district court's dismissal of the complaint.

## III. Conclusion

In sum, the court grants Bishop's IFP motion (D.E. 1, 3). The undersigned recommends that the district court dismiss the Complaint for failure to state a claim upon which relief may be granted.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared here. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: August 26, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge